## Borough of Moosic, Appellant, *v.* Davenhall.

*Municipal claims—Lien for paving—Scire Facias—Service on solicitor—Expired term—Act of May 16, 1923, P. L. 207, Section 16.*

Notice to issue a scire facias on a municipal claim, served on a person whose term as Borough Solicitor had expired and whose name did not appear as counsel of record for claimant, is not a sufficient compliance with the requirements of Section 16 of the Act of May 16, 1923, P. L. 207, and is insufficient to warrant striking off the claim.

Argued March 7, 1928. Appeals Nos. 18 and 19, February T., 1928, by claimant from order of C. P., Lackawanna County, No. 897, year 1925, in the case of Borough of Moosic v. Thomas Davenhall. Before HENDERSON, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Motion to strike off a municipal claim.   Before
WATSON, J.

The facts are stated in the opinion of the Superior
Court.

The court ordered the claim stricken off.   Claimant
appealed.

*Error assigned* was the order of the court.

*Walter W. Harris,* of *Knapp, O'Malley, Hill &
Harris,* and with him *Charles L. Robertson,* for ap-
pellant.

*James J. Powell,* and with him *Frank W. Coyne,*
for appellee.

OPINION BY CUNNINGHAM, J., April 16, 1928:

On May 12, 1925, the Borough of Moosic filed, under
the provisions of the Act of May 16, 1923, P. L. 207,
a lien (designated in the act a "municipal claim")
for certain grading and paving, in the amount of
$969.38, against a property of which Thomas Daven-
hall is the owner or reputed owner.   On his motion
the court below struck off the claim and the munici-
pality and Charles F. Akens, an intervening property
owner and taxpayer, have taken separate appeals, in
which this action is assigned for error.   By agreement
of counsel the appeals have been consolidated and
will be disposed of in one opinion.

The order striking off the municipal claim was made
under the provisions of section 16 of the Act of 1923,
the applicable portion of which reads:   "Any party
named as defendant in the claim filed, or admitted to
defend thereagainst, may file, as of course, and serve
a notice upon the claimant or upon the counsel of
record to issue a scire facias thereon, within fifteen
days after notice so to do.   If no scire facias be issued
within fifteen days after the affidavit of service of

notice is filed of record, the claim shall be stricken off by the court, upon motion." By Section 10 of the act it is provided that "said claim must be signed by the solicitor or chief executive officer of the claimant" and by Section 25 that "every claim filed. . . . . . shall be docketed in appropriate dockets, and . . . . . . shall be entered upon the judgment index of the court."

The uncontroverted facts appearing from this record are that Walter W. Kohler, Esq., was the borough solicitor when the claim was filed and as such signed it for the borough. It was admitted at the oral argument of this case (and verified by the production of the docket) that municipal claims are not recorded at length in any docket of the Court of Common Pleas of Lackwanna County. They are numbered consecutively each year, placed in the files and indexed in a municipal lien docket containing appropriate page headings for the number, year, names of the parties, nature and amount of the lien, date of filing and location of the property. This docket contains no column or space for the entering of the names of counsel, either for the claimant or defendant, and Mr. Kohler's name was not entered on this or any other docket of the court below as counsel of record for claimant. On the first Monday of January, 1926, his term of office expired and Charles L. Robertson, Esq., was elected under the provisions of the Borough Code to succeed him as borough solicitor for the ensuing term of four years. Under date of December 16, 1926, Davenhall executed a notice addressed to Patrick C. Feeney, president of council, Paul McCarthy, secretary, "Walter W. Kohler, counsel of record" and "Charles L. Robertson, borough solicitor of the Borough of Moosic," notifying them to issue a scire facias on the claim within fifteen days after service and advising that, in the event of failure so to do, a motion would be made to strike the claim from the record. This notice was not served upon any of the addressees

except Kohler, whose acceptance of service is thus endorsed thereon: ''Now, December 17, 1926, service of within notice accepted and copy received. Walter W. Kohler, Attorney of Record for Moosic Borough.'' On February 9, 1927, an affidavit of service upon Kohler was filed and on February 25, 1927, no scire facias having been issued, Davenhall, by his attorney, moved that the claim be stricken off, which motion was granted March 23, 1927.

The single question involved therefore is whether service of the notice by Davenhall upon Kohler was a compliance with the sixteenth section of the act sufficient to support the action of the court below in striking off the claim for failure to issue the scire facias in response to the notice. Under that section the notice may be served either ''upon the claimant or upon the counsel of record'' and appellee contends that Kohler was ''counsel of record'' within the intendment of the statute. It is not suggested that he ever filed a praecipe directing the prothonotary to enter his appearance as counsel for claimant in this proceeding, and, as we have noted, his name does not appear upon any docket as such counsel. The record is silent with respect to anything which would indicate that he had entered a general appearance for the borough and the only thing connecting him in any way with this claim, in so far as the records of the court below are concerned, is the fact that he signed it as the then borough solicitor, serving for a definite term fixed by the Borough Code. That Davenhall knew that Kohler's term of office had expired and that he had been succeeded by Robertson is obvious from the notice itself, which was addressed to the president and secretary of council and to Robertson as borough solicitor, as well as to Kohler. Under the circumstances disclosed by the record a majority of the members of this court are of opinion that the notice should have been served upon the chief executive officer of

the claimant, to whom, among other persons, it was addressed. Neither the former nor the present borough solicitor had entered an appearance by praecipe or otherwise so as to become the "counsel of record" for the claimant upon whom service of the notice to issue a scire facias might be made in lieu of service upon the claimant itself. We therefore conclude that the court below erred in striking off this municipal claim as the record then stood and that the assignment of error must be sustained.

The order of March 23, 1927, directing that the claim be stricken from the record is reversed and the claim is reinstated; the costs upon this appeal to abide the final result of such further proceedings as may be taken.